UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61562 CIV-COHN

MAGISTRATE JUDGE SELTZER

ELIZA HEPBURN-BELIZAIRE,

Plaintiff,

v.

IOWA COLLEGE ACQUISITION CORP.
d/b/a KAPLAN UNIVERSITY,

Defendant.
_______________________________/

FILED by JC D.C.
SEP 30 2008
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

## COMPLAINT

Plaintiff, ELIZA HEPBURN-BELIZAIRE, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendant, IOWA COLLEGE ACQUISITION CORP. d/b/a KAPLAN UNIVERSITY, and alleges as follows:

1. Plaintiff brings this action against Defendant to recover unpaid compensation.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, IOWA COLLEGE ACQUISITION CORP. d/b/a KAPLAN UNIVERSITY was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto, IOWA COLLEGE ACQUISITION CORP. d/b/a KAPLAN UNIVERSITY had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, IOWA COLLEGE ACQUISITION CORP. d/b/a KAPLAN UNIVERSITY, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendant.

**COUNT I: FLSA RECOVERY OF OVERTIME WAGES**

9. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8 above.

10. Plaintiff worked for Defendant from approximately August 27, 2007 to April 28, 2008.

11. Plaintiff worked for Defendant as a Collector.

12. Plaintiff's primary duties and responsibilities included making calls to collect past due tuition from students.

13. Plaintiff was paid at a rate of $16.11 per hour from August 27, 2007 through January 29, 2008 and $16.553 from January 30, 2008 through April 28, 2008.

14. Plaintiff also had the opportunity to earn an extra seventy-five cents ($.75) per hour for shift differential pay due to the shift that she worked.

15. Plaintiff also earned commissions in the amount of 1% of the collections made.

16. During one or more workweeks, Defendant did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207 because Defendant applied the incorrect "regular hourly rate" by failing to include all compensation paid to Plaintiff, including shift differential pay and commissions earned.

17. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207 because Defendant applied the incorrect "regular hourly rate" by failing to include all compensation paid to Plaintiff, including shift differential pay and commissions earned.

18. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

19. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorney's fees and costs against Defendant and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES COLLECTIVE ACTION COUNT

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8 above.

21. Plaintiff worked for Defendant from approximately August 27, 2007 to April 28, 2008.

22. Plaintiff worked for Defendant as a Collector.

23. Plaintiff's primary duties and responsibilities included making calls to collect past due tuition from students.

24. Plaintiff was paid at a rate of $16.11 per hour from August 27, 2007 through January 29, 2008 and $16.553 from January 30, 2008 through April 28, 2008.

25. Plaintiff also had the opportunity to earn an extra seventy-five cents ($.75) per hour for shift differential pay due to the shift that she worked.

26. Plaintiff also earned commissions in the amount of 1% of the collections made.

27. During one or more workweeks, Defendant did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207 because Defendant applied the incorrect "regular hourly rate" by failing to include all compensation paid to Plaintiff, including shift differential pay and commissions earned.

28. Other employees of Defendant, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendant.

29. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207 because Defendant applied the incorrect "regular hourly rate" by failing to include all compensation paid to Plaintiff, including commissions earned.

30. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiff, and others similarly situated, have suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

31. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendant for all unpaid wages, liquidated damages, attorney's fees and costs against Defendant and demands a trial by jury for all issues so triable.

**TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

**VERIFICATION OF PLAINTIFF**

I, ELIZA HEPBURN-BELIZAIRE, hereby declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

Eliza Hepburn-Belizaire
ELIZA HEPBURN-BELIZAIRE, as Plaintiff

9/22/08
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
4705 S.W. 148th Avenue, Suite 102
Davie, Florida 33330-2417
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

TODD W. SHULBY
Florida Bar No.: 068365

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Eliza Hepburn-Belizaire,

**(b)** County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Todd W. Shulby, Esq., Todd W. Shulby, P.A.
12555 Orange Drive, Suite 270, Davie, Florida 33330-4304
Telephone No.: (954) 862-1770; Facsimile No.: (954) 862-1769

**DEFENDANTS**
Iowa College Acquisition Corp. d/b/a Kaplan University

**08-61562**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED by D.C.
SEP 30 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**CIV-COHN**

**MAGISTRATE JUDGE SELTZER**

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Broward | 08-61562-Cohn | Seltzer

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Violation of Fair Labor Standards Act Sec. 710
LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD
DATE
September 24, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 978027 IFP

9/30/08